# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WEIGHT LOSS HEALTHCARE** )<br>**CENTERS OF AMERICA, INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>) No. 09-2468-CM-JPO<br>)<br>**OFFICE OF PERSONNEL** )<br>**MANAGEMENT,** )<br>)<br>**Defendant.** )<br>) | |

## MEMORANDUM AND ORDER

Plaintiff Weight Loss Healthcare Centers of America, Inc., seeks judicial review of certain administrative agency decisions by the defendant, Office of Personnel Management. Specifically, plaintiff's two-count complaint seeks (1) review of the administrative denial of insurance benefits to one of plaintiff's patients; and (2) review of defendant's refusal to produce documents in response to requests made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The matter is before the court on defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 7). Defendant argues that the court lacks subject matter jurisdiction over the FOIA claim because plaintiff failed to exhaust administrative remedies. For the reasons that follow, the court grants defendant's motion.

**I. Factual and Procedural Background**[1]

Defendant contracts with qualified insurance carriers for federal employee health benefit

---

[1] The facts are drawn from plaintiff's complaint. The court has included only those that are relevant to the issues before it.

plans, including the Service Benefit Plan, pursuant to 5 U.S.C. § 8902.

Pursuant to a Contract for Federal Employees' Health Benefits dated December 21, 2007 and effective January 1, 2008 (the "Contract"), the Blue Cross Blue Shield Association ("BCBSA") is the insurance carrier for the Service Benefit Plan. The Service Benefit Plan is administered by defendant and the BCBSA and its local member insurers, including Blue Cross Blue Shield of Kansas City ("BCBSKC").

At all relevant times, Eric Walters was a federal employee who had health insurance through the Service Benefit Plan. In late 2007, Walters sought medical care from plaintiff, consisting of a gastric-banding procedure intended to help him control his weight.

Plaintiff is an out-of-network provider with respect to BCBSKC, meaning it does not contract with the insurer for particular reimbursement rates. Plaintiff requested pre-authorization of Walters's gastric-banding procedure from BCBSKC; BCBSKC sent plaintiff a letter pre-authorizing the procedure, with payment to be made by BCBSKC "on the terms of the patient's insurance policy."

After receiving the pre-authorization from BCBSKC, plaintiff performed the gastric-banding procedure on Walters on February 7, 2008. Plaintiff billed Walters and BCBSA and BCBSKC $56,000.00 for hospital services. This represented plaintiff's usual and customary charges for such services at the time, and BCBSKC had previously paid all or nearly all of these charges for other patients.

BCBSA and BCBSKC paid plaintiff only $1,610 (70% of a $2,300 "plan allowance") for the gastric-banding procedure and Walters remained responsible to plaintiff for the balance of bill, *i.e.*, $54,390.

On or about August 12, 2008, Walters requested reconsideration of the partial denial of benefits, and requested a copy of the calculation used to determine the average amount for outpatient surgical services that BCBSKC pays nationally to contracting and non-contracting facilities. BCBSKC responded on August 25, 2008, stating: "Due to the fact that the Plan allowance is calculated on a national level, including all Blue Cross and Blue Shield Plan Plans [sic], the specific calculations you are requesting are not available to [BCBSKC] individually."

On September 14, 2008, Walters executed an Authorization to Act on Behalf of Covered Individual, giving plaintiff the authority to represent him in an appeal of his partial benefit denial.

On reconsideration, and subsequent appeal to defendant, plaintiff failed to obtain a specific and detailed reason for the denial, including an explanation of the exact calculation used to arrive at the plan allowance.

On April 17, 2009, plaintiff filed a request under the FOIA, 5 U.S.C § 552, to defendant, containing nine specific requests.

Defendant responded on May 18, 2009. As to three of plaintiff's nine requests, Request Nos. 1, 6, and 7, defendant responded that the information requested was "not within our possession; therefore, we are unable to honor your request." (Doc. 1, at 7–8; Doc. 1-8, at 2, 4.) To Request No. 9, defendant produced part of the records requested, but withheld others as exempt, stating:

> "Enclosed are copies of the annual call letters for 2005, 2006, 2007, 2008, and 2009. The call letter responses received by [defendant] from BCBSA are exempt from disclosure under FOIA, 5 U.S.C. [§] 552(b)(4) (Trade secrets and commercial or financial information obtained from a person (this is) privileged or confidential)."

(Doc. 1, at 8; Doc. 1-8, at 5.) Defendant's response to the FOIA request contained information on how to appeal the denial of information. (Doc. 1-8, at 5.)

Plaintiff filed this two-count complaint on September 8, 2009, seeking, in part, judicial

-3-

review of defendant's denial of its FOIA requests. Plaintiff's Count II alleges that defendant unlawfully withheld the requested information; that plaintiff has a statutory right to the information it seeks; and there is no legal basis for defendant's refusal to disclose it. Plaintiff seeks declaratory judgment, injunctive relief, and attorney's fees and costs.

Defendant asks this court to dismiss plaintiff's Count II for lack of subject matter jursidiction, based on plaintiff's failure to exhaust administrative remedies. *See* Fed. R. Civ. P. 12(b)(1). It is undisputed that plaintiff did not appeal defendant's response to its FOIA requests.

## II. Judgment Standard

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law if its 'well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)). This court may only exercise jurisdiction when specifically authorized to do so, and must dismiss a cause when it becomes clear that jurisdiction is lacking. *Fitzgerald v. City of Ottawa, Kan.*, 975 F. Supp. 1402, 1403 (D. Kan. 1997). Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper. *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002). Mere allegations of jurisdiction are not enough. *Id.* at 798.

Challenges to jurisdiction under Fed. R. Civ. P. 12(b)(1) generally present themselves as either *facial attacks* on the sufficiency of jurisdictional allegations or *factual attacks* on the accuracy of those allegations. *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995). Defendant's motion falls within the latter category because both parties have relied on evidence outside the

-4-

complaint. *See Fitzgerald*, 975 F. Supp. at 1403.

The parties disagree as to the scope of this court's review and the applicable presumptions. Plaintiff asserts that the court must accept its factual allegations as true. Defendant asserts that the court does not presume the truthfulness of the complaint's allegations. Both parties assert that the court may look to evidence outside the pleadings in deciding this motion. The Tenth Circuit has set forth the following standard for such a case:

> [A] party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id*. at 1003.

The parties have offered, and the court has considered, evidence related to Count II, including materials attached as exhibits to plaintiff's complaint and the attachment to defendant's memorandum in support of the motion.

### III. Exhaustion Requirement

It is well-settled that a court lacks subject matter jurisdiction and must dismiss a FOIA claim if a plaintiff has failed to exhaust administrative remedies. *See Scherer v. United States*, 241 F. Supp. 2d 1270, 1276 (D. Kan. 2003); *see also Barvick v. Cisneros*, 941 F. Supp. 1015, 1018 n.3 (D. Kan. 1996) (citing, *inter alia*, *Trenerry v. I.R.S.*, No. 95-5150, 1996 WL 88459, at *1 (10th Cir. March 1, 1996); *Lanter v. Dep't of Justice*, No. 93-6308, 1994 WL 75876, *1 (10th Cir. March 8, 1994)). However, the Act expressly provides that a plaintiff is deemed to have "constructively exhausted" its remedies if the agency fails to respond within the statutory time limit. 5 U.S.C. § 552(a)(6)(C); *Scherer*, 241 F. Supp. 2d at 1276; *Barvick*, 941 F. Supp. at 1018 n.3.

It is undisputed that, although defendant's May 18, 2009, response to plaintiff's FOIA request advised plaintiff of its right to appeal and provided instructions for how to submit such an appeal, plaintiff filed no appeal. (Doc. 8, at 2.) Rather, plaintiff asserts that either it has constructively exhausted its remedies, or the exhaustion doctrine does not apply.

First, as to Request No. 9, plaintiff's argument takes the form of a syllogism:

1. Plaintiff is deemed to have constructively exhausted if defendant fails to respond;

2. Defendant's response to Request No. 9 was inadequate;

3. An inadequate response is like no response at all;

4. Therefore, plaintiff constructively exhausted its remedies as to Request No. 9.

The court will not make the leaps of logic required to reach the result plaintiff seeks. Defendant did respond to plaintiff's request; it declined to produce the documents on the basis that they were privileged or confidential trade secrets or commercial or financial information that were exempt under 5 U.S.C. § 552(b)(4). Contrary to plaintiff's assertions, defendant was not required to provide detailed documentation in support of this decision in its response. (Doc. 12, at 12–13) (citing *Information Network For Responsible Mining (Inform) v. Dep't of Energy*, No. 06-cv-02271, 2008 WL 762248, at * 3 (D. Colo. March 18, 2008)). The burden to substantiate its decision arises in litigation. *See Inform*, 2008 WL 762248, at *3 (on competing motions for summary judgment, where question was whether defendant's response to plaintiffs' FOIA request was adequate, defendant had burden to establish adequacy through affidavits, declarations, *Vaughn* index, etc.). Plaintiff's argument concerning the adequacy of defendant's response goes to the heart of its FOIA claim, not the threshold jurisdictional question before this court.

Second, plaintiff suggests that the exhaustion doctrine is "'subject to numerous exceptions'" where rigid application of the requirement would be unjust. Situations which may give rise to such

injustice include futility, delay by the responding agency, and a lack of information regarding available administrative remedies. (Doc. 12, at 8) (citing *McKart v. United States*, 395 U.S. 185, 193 (1969)); *see Jefferson v. Zelez*, No. 88-3199-O, 1990 WL 47742, at *2 (D. Kan. Mar. 19, 1990) (quoting *Cont'l Can Co., U.S.A. v. Marshall*, 603 F.2d 590 (7th Cir. 1979) (futility); *Cazalas v. U.S. Dept. of Justice*, 660 F.2d 612 (5th Cir. 1981) (delay by responding agency); and *Ertell v. Dep't of Army*, 626 F. Supp. 903 (C.D. Ill. 1986) (lack of information)). Plaintiff argues that it was not required to appeal the denial of Request Nos. 1, 6, and 7 because "such an appeal would have been futile in light of [defendant]'s consistent refusal to provide . . . the requested information." (Doc. 12, at 14.)

The requirement applicable in a FOIA case that plaintiff have exhausted or constructively exhausted its remedies is not a common law requirement subject to these exceptions. The requirement here is statutory, and the court has no discretion to waive that requirement and assume jurisdiction where it is lacking. *See, e.g., Scherer*, 241 F. Supp. at 1275–77 (where no appeal filed from FOIA denial, court confined discussion of exhaustion to constructive exhaustion pursuant to FOIA, and, finding none, dismissed claim); *Hass v. U. S. Air Force*, 848 F. Supp. 926, 929 (D. Kan. 1994) (same, noting FOIA provides a statutory procedure for administrative appeal, and requires a plaintiff exhaust this process before bringing an action in district court). *But see Jefferson*, 1990 WL 47742, at *2.[2]

---

[2] This unpublished 1990 District of Kansas decision quoted the U.S. District Court for the Northern District of Texas for the proposition that "'[a] federal court must make three factual inquiries in determining whether an individual requesting documents is required in a FOIA suit to exhaust or has exhausted his administrative remedies: (1) did the agency make a determination of the request within the time limits specified by the statute [5 U.S.C. § 552(a)(6)(A)(i) and (ii)]; (2) if a proper, timely, and complete determination occurred, did the Plaintiff appeal that determination; and, (3) if the plaintiff did not appeal, do any exceptions to the exhaustion doctrine excuse the plaintiff from exhausting his administrative remedies through an appeal.'" *Jefferson*, 1990 WL
(continued...)

Were the court to consider whether any exceptions excuse the plaintiff from exhausting its administrative remedies through an appeal, the court would find that none of the exceptions cited above to apply in this case. Appeal of Request Nos. 1, 6, and 7, was not futile merely because similar requests had previously been denied, and no injustice would result from application of the exhaustion requirement. Because plaintiff failed to exhaust administrative remedies through an appeal, the court lacks subject matter jurisdiction and must dismiss plaintiff's FOIA claim. Being unaware of any reason why plaintiff could not cure its failure to exhaust administrative remedies, the court dismisses the claim without prejudice.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 7) is granted.

**IT IS FURTHER ORDERED** that Count II of plaintiff's complaint is dismissed without prejudice.

Dated this 25th day of March 2010, at Kansas City, Kansas.

                                            **s/ Carlos Murguia**
                                            **CARLOS MURGUIA**
                                            **United States District Judge**

---

[2] (...continued)
47742, at *2 (D. Kan. Mar. 19, 1990) (quoting *Shermco Indus. v. Sec. of U. S. Air Force*, 452 F. Supp. 306, 317 (N.D. Texas 1978), *rev'd on other grounds*, 613 F.2d 1314 (5th Cir. 1980)). In *Jefferson*, the court considered whether any exceptions applied, but found that none did. More recent and applicable precedent, and the statutory language of the Act, suggest that such additional inquiry is not required in a FOIA case.